UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAMELA SMOCK,

        Plaintiff,

v.

BOARD OF REGENTS OF THE
UNIVERSITY OF MICHIGAN, ET AL.,

        Defendants.

_____/

Case No. 18-10407

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

U.S. MAGISTRATE JUDGE
R. STEVEN WHALEN

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S CLAIM FOR DAMAGES [32]**

Plaintiff, Professor Pamela Smock, brought this § 1983 action against her employer, the Board of Regents of the University of Michigan, and several of its officials, alleging that the University deprived her of her First and Fourteenth Amendment rights by disciplining her on the basis of her conversations and behavior with her students. On November 19, 2018, following a hearing, the Court granted Defendants' Motion to Dismiss Professor Smock's First Amendment claims. (Dkt. # 29). It allowed her to proceed on her due process claims at least insofar as they related to the University's decision to suspend her accrual of sabbatical leave time and limit her role as a graduate student mentor. It also dismissed both the Board of Regents and the President of the University as Defendants.

On January 24, 2019, the remaining Defendants filed a Motion to Dismiss Plaintiff's claims for damages [32], arguing that Andrew Martin and Martin Philbert are entitled to qualified immunity for their role in disciplining Professor Smock. The motion is fully briefed, and the Court finds the motion suitable for determination without oral argument pursuant to Local Rule 7.1(f)(2).

## LEGAL STANDARD

Defendants move to dismiss Plaintiff's claims for damages for failure to state a claim upon which relief can be granted. Fed. R. Civ. P 12(b)(6). On a motion to dismiss, the Court must "construe the complaint in a light most favorable" to Plaintiff and "accept all of [its] factual allegations as true." *Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008). "Although the factual allegations in a complaint need not be detailed, they 'must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief.'" *Id.* (quoting *LULAC v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007)). To survive such a motion, Plaintiff must plead factual content that allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

## ANALYSIS

Defendants argue that they are entitled to qualified immunity for their decision to discipline Plaintiff. Qualified immunity shields state officials from money damages unless Plaintiff pleads facts showing that 1) the official violated a statutory or constitutional right and 2) that the right was clearly established at the time of the violation. *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011). For a constitutional right to be clearly established, "its contours must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Hope v. Pelzer*, 536 U.S. 730, 739 (2008). The inquiry asks whether or not "in light of pre-existing law" the unlawfulness of the official's conduct is apparent. *Id*. This does not require a precedential case with identical facts, but it does require one whose lesson would be clear to state officials. *See United States v. Lanier*, 520 U.S. 259, 271 (1997) ("But general statements of the law are not inherently incapable of giving fair and clear warning, and in other instances a general constitutional rule already identified in the decisional law may apply with obvious clarity to the specific conduct in question, even though the very action in question has [not] previously been held unlawful.").

Defendants conceded in their reply that at least at the Motion to Dismiss stage of this litigation, the Sixth Circuit's holding in *Gunasekera v. Irwin*, 551 F.3d 461 (6th Cir. 2009) provided sufficient guidance for state officials to know that

professors have a constitutionally protected right in their advisorship duties. (Dkt. # 34, pg. 4). It is clearly established that professors must be afforded a due process with before advisorship duties can be removed, especially in light of the stigma such discipline produces. *Gunasekera*, 551 F.3d at 470.

The only remaining issue is whether it was clearly established law in 2017 that a tenured professor could not be denied sabbatical leave without due process. It was not. Sabbatical time is not accrued leave time, but rather a time for a Professor to "contribute to the professional effectiveness of the applicant and the best interest of the University." (See University of Michigan Faculty Handbook § 16.B.1). Sabbatical time thus represents a hybrid between time off and a job duty. Because it represents both an accrued labor benefit and an integral part of a professor's role in the academic community, sabbatical time can represent a constitutionally protected property interest. This would not have been "obvious" to University administrators, however, within the meaning of qualified immunity jurisprudence.

The Sixth Circuit in *Ramsey*, for instance, found that plaintiff's federal suit for losing her sick days was properly dismissed because she had an adequate remedy at state law. *Ramsey v. Board of Educ. Of Whitley County, Ky*, 844 F.2d 1268 (6th Cir. 1988). Though the 113 sick days of the plaintiff in *Ramsey* could easily be converted to money and remedied by a contract claim, and sick days are therefore

entitled to less constitutional protection than sabbatical time, the *Ramsey* Court did not, as Plaintiff argues, announce a clear rule in her favor. *Id*. at 1271.

The Sixth Circuit has also found that a collective bargaining agreement could create a property interest in a teacher's job in a specific school, and a due process hearing was therefore required before a transfer. *Leary v. Daeschner*, 228 F.3d 729, 742 (6th Cir. 2000). Though this puts school administrators on notice that demoting an employee could affect her constitutional rights, the connection between a job transfer and a loss of sabbatical time is not obvious. Plaintiff focuses on the fact that Defendant ignored clearly established precedent by conducting a flawed due process hearing. Though this is true, she will not be able to recover monetary damages unless the right that she was deprived—accrued sabbatical time—was also clearly established.

It was not. No binding precedent speaks so unambiguously as to have put Professor Smock's constitutional entitlement to sabbatical time "beyond debate." *See al-Kidd*, 563 U.S. at 741. Though it is well established that a University's policies can create property interests, clearly not all policy provisions give rise to property interests of constitutional dimensions. The Supreme Court has admonished courts "not to define clearly established law at a high level of generality." *Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015). Because it was not clearly established at the time of Professor Smock's suspension that professors had a constitutionally

protected interest in their sabbatical time, the Court can provide Professor Smock only with injunctive relief for this deprivation.

Accordingly,

**IT IS ORDERED** that Defendants' Motion to Dismiss Plaintiff's Claim for Damages [32] is **GRANTED IN PART AND DENIED IN PART**.

**SO ORDERED.**

Dated: May 23, 2019
s/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge