UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAMELA SMOCK,

    Plaintiff,

v.

ANDREW MARTIN, in his individual
and official capacity, and MARTIN
PHILBERT in his official capacity,

    Defendants.

Case No. 2:18-cv-10407 AJT APP

Hon. Arthur J. Tarnow

_____/

David A. Nacht (P47034)
Adam M. Taub (P78334)
NACHT LAW, P.C.
101 North Main Street, Ste. 555
Ann Arbor, MI 48014
(763) 663-7550
dnacht@nachtlaw.com
ataub@nachtlaw.com
*Attorneys for Plaintiff*

David J. Masson (P37094)
UNIVERSITY OF MICHIGAN
OFFICE OF THE V.P. & GENERAL
COUNSEL
503 Thompson Street, Room 5010
Ann Arbor, MI 48109-1340
(734) 764-0304
dmasson@umich.edu
*Attorneys for Defendants*

_____/

## MOTION FOR ORDER REQUIRING AN INDEPENDENT PSYCHIATRIC EVALUATION OF PLAINTIFF

The Defendants by and through their attorney, David J. Masson, Senior Associate General Counsel and pursuant to Fed. R. Civ. P. 35 hereby moves this Honorable Court for an order requiring an independent psychiatric evaluation of Plaintiff. Defendants sought Plaintiff's concurrence in the request, which was

denied on October 3, 2019. Defendants rely on the attached brief in support of the motion.

                Respectfully Submitted,

                **THE UNIVERSITY OF MICHIGAN**
                **OFFICE OF THE VICE PRESIDENT AND**
                **GENERAL COUNSEL**

                By: */s/ David J. Masson*
                      David J. Masson (P37094)
                      503 Thompson Street, Room 5010
                      Ann Arbor, MI 48109-1340
                      (734) 764-0304
                      dmasson@umich.edu
Dated: October 23, 2019      *Attorneys for Defendant*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAMELA SMOCK,

    Plaintiff,

v.

ANDREW MARTIN, in his individual
and official capacity, and MARTIN
PHILBERT in his official capacity,

    Defendants.
_____/

Case No. 2:18-cv-10407 AJT APP

Hon. Arthur J. Tarnow

| | |
|---|---|
| David A. Nacht (P47034)<br>Adam M. Taub (P78334)<br>NACHT LAW, P.C.<br>101 North Main Street, Ste. 555<br>Ann Arbor, MI 48014<br>(763) 663-7550<br>dnacht@nachtlaw.com<br>ataub@nachtlaw.com<br>*Attorneys for Plaintiff* | David J. Masson (P37094)<br>UNIVERSITY OF MICHIGAN<br>OFFICE OF THE V.P. & GENERAL COUNSEL<br>503 Thompson Street, Room 5010<br>Ann Arbor, MI 48109-1340<br>(734) 764-0304<br>dmasson@umich.edu<br>*Attorneys for Defendants* |

_____/

**BRIEF IN SUPPORT OF MOTION FOR
ORDER REQUIRING AN INDEPENDENT
PSYCHIATRIC EVALUATION OF PLAINTIFF**

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................. i

INDEX OF AUTHORITIES .......................................................................................... ii

STATEMENT OF ISSUE PRESENTED ..................................................................... iii

CONTROLLING AUTHORITY .................................................................................. iv

INDEX OF EXHIBITS .................................................................................................. iv

STATEMENT OF FACTS .............................................................................................. 1

ARGUMENT .................................................................................................................... 4

I.   DEFENDANTS ARE ENTITLED TO AN ORDER REQUIRING
     PLAINTIFF TO SUBMIT TO AN INDEPENDENT PSYCHIATRIC
     EVALUATION PURSUANT TO FED. R. CIV. P. 35 .................................. 4

     A.   In Controversy ......................................................................................... 5

     B.   Good Cause .............................................................................................. 7

CONCLUSION ................................................................................................................ 8

CERTIFICATE OF SERVICE ...................................................................................... 9

# INDEX OF AUTHORITIES

## Cases

*Carey v Piphus*, 435 U.S. 247, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978) ..................... 7

*E.I. Du Pont De Nemours and Co. C-8 Personal Injury Litigation*, 379 F.Supp.3d 669 (S.D. Ohio 2019) ............................................................................................... 5

*Kuslick v Roszczewski,* 2012 WL 899355 (E.D. Mich. 2012) ................................... 6

*Robinson v Tendercare*, 2008 WL 11355469 (E.D. Mich. 2008) .............................. 6

*Schlagenhauf v Holder*, 379 U.S. 104, 85 S.Ct. 234, 13 L.Ed.2d 152 (1964) ..... iv, 4

*Schlenker v City of Arvada*, 2010 WL 2232356 (D. Color 2010) ............................. 8

## Statutes

Fed. R. Civ. P. 35 ...................................................................................................... ii

## STATEMENT OF ISSUE PRESENTED

1. Whether Plaintiff may be properly ordered to submit to a psychiatric exam under Fed. R. Civ. P. 35 where Plaintiff has alleged severe psychiatric distress resulting in forced sick leave and has listed her treating psychiatrist as a witness.

   Defendants answer, yes.

   Plaintiff answers, no.

## **CONTROLLING AUTHORITY**

*Schlagenhauf v Holder*, 379 U.S. 104, 85 S.Ct. 234, 13 L.Ed.2d 152 (1964).....iv, 4

## **INDEX OF EXHIBITS**

Exhibit 1 - Health Care Provider Statement............................................................. 1

Exhibit 2 – Emails re: extended sick leave ............................................................ 2

Exhibit 3 - *Robinson v Tendercare*, 2008 WL 11355469 (E.D. Mich. 2008) .......... 6

Exhibit 4 - *Kuslick v Roszczewski,* 2012 WL 899355 (E.D. Mich. 2012) ................ 6

Exhibit 5 - *Schlenker v City of Arvada*, 2010 WL 2232356 (D. Color 2010)........... 8

## STATEMENT OF FACTS

In April 2016, several graduate students, for whom the Plaintiff was acting as faculty advisor, requested that they be transferred to a different faculty advisor. The students reported that they could not continue to work with Plaintiff due to her repeated discussions regarding her personal sex life and her unprofessional treatment of the students.

As a result of the reports, the University Office of Institutional Equity and Academic and Faculty Affairs conducted an investigation into the allegations of sexual harassment and unprofessional behavior and issued a report dated December 16, 2016 finding in part that Plaintiff failed to maintain appropriate professional boundaries with students. Plaintiff was subsequently issued disciplinary sanctions on March 31, 2017.

On September 16, 2016 well before the issuance of the OIE/AFA report and subsequent disciplinary charges, Plaintiff submitted a Health Care Provider Statement (HCPS) to the University indicating that she was unable to work due to "major depression disorder, moderate." (*Exhibit 1*) The HCPS was signed by Plaintiff's treating psychiatrist, Dr. Tamara Gay. As a result, the University granted Plaintiff's request to utilize extended sick leave. Plaintiff remained on extended sick

1

leave based upon the reports from Dr. Gay until on or about March 1, 2018 (*Exhibit 2*).

Plaintiff filed the instant lawsuit on June 22, 2018 alleging in part that the disciplinary sanctions violated her right to due process. In her Complaint, Plaintiff alleged that she was "forced to take medical leave for the stress caused by Defendants' unlawful conduct." (*Plaintiff's Amended Complaint at Paragraph 105, ECF No. 23 Page ID 498*). Plaintiff also alleged that her "medical leave is being taken pursuant to the advice of her own medical professionals and the University's medical case manager." (*Amended Complaint at Paragraph 108, ECF No. 23 Page ID 498*). Plaintiff also alleged that Defendants' actions forced Plaintiff to take medical leave. (*Amended Complaint at paragraph 124, ECF No. 23 Page ID 501*) As a result, Plaintiff seeks relief for both monetary and non-monetary loss. (*Plaintiff's Amended Complaint paragraph C, ECF No. 23 Page ID 505*)

On April 18, 2018, Plaintiff filed a Brief in Answer to Defendant's Motion to Dismiss alleging that Plaintiff was forced onto medical leave due to her "intolerable work situation." (*Plaintiff's Response to Defendant's Motion to Dismiss p. 14-15, ECF 12 Page ID 197-198*).

On November 19, 2018, this Honorable Court issued an order and opinion denying Plaintiff's Motion for Summary Judgment, granting in part, and denying in part Defendants' Motion to Dismiss. (*ECF No. 29*) The Court denied Defendants'

2

Motion to Dismiss Plaintiff's claim that Defendants deprived Plaintiff of her due process rights. The Court ruled that Plaintiff was entitled to due process prior to the issuance of the disciplinary sanctions that prohibited Plaintiff from using or accruing sabbatical time for the period of three years and prohibited Plaintiff from being the sole or primary advisor for doctoral students in LSA. Subsequently, on May 23, 2019, the court dismissed Plaintiff's claim for damages for the denial of sabbatical leave. (*ECF No. 36*) However, the court allowed Plaintiff's claim for damages for the loss of advising duties to continue. The court noted that due process was required prior to the imposition of these sanctions, "especially in the light of the stigma such discipline produces." (*ECF No. 36 Page ID 713*).

It is undisputed that Plaintiff lost no salary because of this disciplinary action as Plaintiff's pay was maintained while she was on extended sick leave. As a result, Plaintiff's only claim for monetary damages for these claims relates to claimed emotional distress.

Finally, on June 3, 2019, Plaintiff filed a witness list that included her treating psychiatrist, Dr. Tamara Gay as a witness (*Plaintiff's Witness List ECF No. 37 Page ID 717*).

On September 30, 2019, Defendants' counsel requested that Plaintiff stipulate to psychiatric evaluation by Dr. Jeffrey Kezlarian scheduled for October 31, 2019.

3

On October 3, 2019, Plaintiff's counsel indicated that he would not stipulate to the exam. As a result, the exam was cancelled pending an order from this Court

## ARGUMENT

### I. DEFENDANTS ARE ENTITLED TO AN ORDER REQUIRING PLAINTIFF TO SUBMIT TO AN INDEPENDENT PSYCHIATRIC EVALUATION PURSUANT TO FED. R. CIV. P. 35

Fed. R. Civ. P. provides in relevant part:

(1) ***In General.*** The court where an action is pending may order a party whose mental or physical condition-including blood group- is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner.

(2) ***Motion and Notice; Contents of the Order.*** The order:
   (A) May be made only on motion for good cause and on notice to all parties and the person to be examined;....

In *Schlagenhauf v Holder*, 379 U.S. 104, 85 S.Ct. 234, 13 L.Ed.2d 152 (1964) the Supreme Court held that under Rule 35 the in controversy and good cause factors of Rule 35 are related. The Court also noted that the need for a medical examination can be demonstrated by a variety of evidence and does not necessarily require a full hearing.

> Rule 35, therefore, requires discriminating application by the trial judge, who must decide, as an initial matter in every case, whether the party requesting a mental or physical examination or examinations has adequately demonstrated the existence of the Rule's requirements of 'in controversy' and 'good cause,' which requirements, as the Court of Appeals in this case itself recognized, are necessarily related. This does not, of course, mean that the movant must prove his case on the merits in order to meet the requirements for a mental or physical examination. Nor does it mean that an evidentiary hearing is required in all cases.

4

This may be necessary in some cases, but in other cases the showing could be made by affidavits or other usual methods short of a hearing. It does mean, though, that the movant must produce sufficient information, by whatever means, so that the district judge can fulfill his function mandated by the Rule.

Of course, there are situations where the pleadings alone are sufficient to meet these requirements. A plaintiff in a negligence action who asserts mental or physical injury places that mental or physical injury clearly in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury. *Id*, at 118-119 (citations omitted)

## A.    In Controversy

In *E.I. Du Pont De Nemours and Co. C-8 Personal Injury Litigation*, 379 F.Supp.3d 669 (S.D. Ohio 2019) the court set out the test used by the majority of courts in determining whether the Plaintiff has placed her mental capacity in controversy pursuant to rule 35. The court stated:

> While the Sixth Circuit has not spoken on this exact issue, several sister district courts have, with one recently explaining that " '[t]he majority of courts have held that plaintiffs do not place their mental condition in controversy merely by claiming damages for mental anguish or 'garden variety' emotional distress.' The majority of courts, including numerous district courts in the Sixth Circuit, determine whether the claimed emotional distress is "garden variety" by evaluating whether any of the following factors exist in the case:
>
> (1) a tort claim is asserted for intentional infliction or negligent infliction of emotional distress; (2) an allegation of a specific mental or psychiatric injury or disorder is made; (3) a claim of unusually severe emotional distress is made; (4) plaintiff intends to offer expert testimony in support of a claim for emotional distress damages; and/or (5) plaintiff concedes that her mental health condition is in controversy within the meaning of Rule 35. *Id., at 673 (citations omitted)*

5

Courts have also held that plaintiff has alleged the type of severe emotional distress that places her mental condition in controversy when the plaintiff alleges that she was unable to work due to her psychiatric disability. *Robinson v Tendercare*, 2008 WL 11355469 (E.D. Mich. 2008) (*unpublished decision) attached as Exhibit 3*) Courts have also held that where the emotional damages constitute the core of plaintiff's damage claim the plaintiff's mental condition is in controversy. *Kuslick v Roszczewski,* 2012 WL 899355 (E.D. Mich. 2012) (*unpublished decision attached as Exhibit 4*).

In the instant case, Plaintiff's mental condition is clearly in controversy as Plaintiff makes a claim of severe emotional distress in that she claims that she was unable to work for nearly 1.5 years and "forced to take medical leave for the stress caused by Defendants' unlawful conduct." (*Amended Complaint paragraph 105*). In addition, Plaintiff's primary damage claim in this case relates to emotional distress damages. Plaintiff further alleges in her Amended Complaint that the medical leave was taken pursuant to the advice of her own medical professionals. (*Amended Complaint paragraph 108*). Finally, consistent with the reference to her medical professionals in the complaint, Plaintiff has also listed her treating psychiatrist, Dr. Tamara Gay as a witness on her witness list. Defendants are clearly entitled to the testimony of an expert to respond to this evidence.

## B. <u>Good Cause</u>

The court in *Du Pont* indicated that the good cause requirement is satisfied by a showing that the information cannot be obtained by other means or that there is a reasonably based belief that the examination will reveal information adverse to the conclusions of the examining physicians. *Id*, at 677. Defendants' request satisfies both factors for good cause.

The Supreme Court has held that with respect to a claim for deprivation of due process the plaintiff must prove that any claimed emotional distress arose from the actual deprivation of due process itself. *Carey v Piphus*, 435 U.S. 247, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978). The court stated:

> Moreover, where a deprivation is justified but procedures are deficient, whatever distress a person feels may be attributable to the justified deprivation rather than to deficiencies in procedure. But as the Court of Appeals held, the injury caused by a justified deprivation, including distress, is not properly compensable under § 1983. This ambiguity in causation, which is absent in the case of defamation per se, provides additional need for requiring the plaintiff to convince the trier of fact that he actually suffered distress because of the denial of procedural due process itself. *Id,* 263.

In the instant case, Plaintiff first began her medical leave before the OIE/AFA investigation concluded and before any discipline was issued; therefore, before any claimed violation of due process occurred. Defendants' requested psychiatric examination is necessary to determine the cause of Plaintiff's claimed stress that forced her off of work for 1.5 years. Defendants cannot obtain this information from

any other source and this is the type of information that requires an expert opinion. In *Schlenker v City of Arvada*, 2010 WL 2232356 (D. Color 2010) *(Exhibit 5)* the court noted that the need for expert testimony to determine the cause of emotional distress is a factor that courts have relied on to find good cause.

In addition, given the fact that Plaintiff's medical leave was requested before any potential due process violation could have occurred, it is expected that the examination will find information adverse to any conclusions of Plaintiff's physician that Plaintiff's psychiatric condition was caused by Defendants. Finally, given that Plaintiff has listed her treating psychiatrist as a witness, Defendants are entitled to present an expert witness to respond to the testimony of Plaintiff's expert.

## CONCLUSION

Defendants respectfully request that this Honorable court issue an order requiring that Plaintiff appear for a psychiatric examination before Dr. Jeffrey Kezlarian at a time and date agreed to by counsel.

        Respectfully Submitted,

        THE UNIVERSITY OF MICHIGAN
        OFFICE OF THE VICE PRESIDENT
        AND GENERAL COUNSEL

        By: */s/ David J. Masson*
            David J. Masson (P37094)
            503 Thompson Street, Room 5010
            Ann Arbor, MI 48109-1340
            (734) 764-0304
Dated: October 23, 2019    *Attorneys for Defendants*

8

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 23, 2019, I electronically filed the foregoing *Motion for Order Requiring an Independent Psychiatric Evaluation of Plaintiff and Brief in Support* using the ECF System and that a copy of the foregoing paper was served upon all attorneys of record by e-filing.

UNIVERSITY OF MICHIGAN
OFFICE OF THE VICE PRESIDENT &
GENERAL COUNSEL


By: */s/ David J. Masson*
David J. Masson (P37094)
